**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TODD J. MICKEL,

Plaintiff-Appellant,

v.

UNUM GROUP, DBA Paul Revere Life
Insurance Company, a foreign corporation,

Defendant-Appellee.

No.    18-35178

D.C. No. 3:17-cv-05616-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted May 15, 2019
Seattle, Washington

Before:  W. FLETCHER and BENNETT, Circuit Judges, and SILVER,[**] District
Judge.

Todd Mickel appeals the district court's grant of a motion for judgment on

the record under Federal Rule of Civil Procedure 52 by UNUM Group d.b.a. Paul

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Revere Life Insurance Company ("Paul Revere"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts of the case, we do not recount them except as necessary.

This case arises from a challenge under the Employee Retirement Income Security Act ("ERISA") to Paul Revere's decision to terminate Mickel's long-term disability benefits. Where, as here, a district court reviews de novo an ERISA plan administrator's decision, our review on appeal is for clear error. *See Dowdy v. Metro. Life Ins. Co.*, 890 F.3d 802, 807 (9th Cir. 2018); *Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010). As the district court correctly noted, Mickel bears the burden of proof to show disability. *See Muniz*, 623 F.3d at 1294. We conclude that the district court did not clearly err in determining that Mickel failed to meet his burden.

The district court relied on a combination of Dr. Peter Mohai's independent medical evaluation, the surveillance footage, and an independent review of Mickel's medical records. These sources contain sufficient evidence that Mickel's medical conditions are not totally disabling within the meaning of the plan such that we are not "left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr.*

2

*for S. Cal.*, 508 U.S. 602, 622 (1993) (internal quotation marks and citation omitted).

**AFFIRMED**.